UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SUSAN M. HUDEC,

       Plaintiff,

   - against -

THE ROMAN CATHOLIC ARCHDIOCESE OF
NEW YORK d/b/a the Archdiocese Drug and
Alcohol Prevention Program, and MICHAEL
COPPOTELLI,

       Defendants.
------------------------------------------------------------x

16-CV-07454 (PKC)

**ANSWER**

  Defendants, the Department of Education of the Archdiocese of New York (the "Archdiocese") incorrectly sued herein as "the Roman Catholic Archdiocese of New York d/b/a the Archdiocese Drug and Alcohol Prevention Program" and Michael Coppotelli, by and through their attorneys, Putney, Twombly, Hall & Hirson LLP, as and for its Answer to Plaintiff's Complaint (the "Complaint"), state as follows:

  1. Deny each and every allegation contained in Paragraph 1 of the Complaint, except admit that Plaintiff purports to proceed as stated therein.

  2. Deny each and every allegation contained in Paragraph 2 of the Complaint.

  3. Deny each and every allegation contained in Paragraph 3 of the Complaint.

  4. Deny each and every allegation contained in Paragraph 4 of the Complaint, except admit that Plaintiff requested and was granted a disability leave of absence and that Plaintiff voluntarily resigned her employment with the Archdiocese in its Drug and Alcohol Prevention Program ("ADAPP") during her disability leave of absence.

  5. Paragraph 5 of the Complaint states legal conclusions to which no response is required. To the extent that a response is required, Defendants deny each and every allegation

contained in Paragraph 5 of the Complaint.

6. Paragraph 6 of the Complaint states legal conclusions to which no response is required. To the extent that a response is required, Defendants deny each and every allegation contained in Paragraph 6 of the Complaint.

7. Admit the allegation in Paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint states legal conclusions to which no response is required. To the extent that a response is required, Defendants deny each and every allegation contained in Paragraph 8 of the Complaint, except admit that the Archdiocese employed Plaintiff and that the Archdiocese maintains offices at 1011 First Avenue, New York, New York 10022.

9. Deny each and every allegation contained in Paragraph 9 of the Complaint, except admit that Michael Coppotelli is an Associate Superintendent of Schools for the Archdiocese.

10. Deny each and every allegation contained in Paragraph 10 of the Complaint, except admit upon information and belief that Plaintiff is over the age of 40 and has a Ph.D. in Higher Education Administration from New York University.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13. Deny each and every allegation contained in Paragraph 13 of the Complaint, except admit that in April 2015, Ms. Hudec expressed interest in working as a principal at a school operated by the Archdiocese.

14. Deny each and every allegation contained in Paragraph 14 of the Complaint, except admit that Mr. Coppotelli oversees ADAPP and that Mr. Coppotelli spoke to Ms. Hudec

in April 2015 regarding various employment opportunities at the Archdiocese.

15.     Admit the allegations contained in Paragraph 15 of the Complaint.

16.     Deny each and every allegation contained in Paragraph 16 of the Complaint, except admit that Mr. Coppotelli notified Plaintiff that the ADAPP Executive Director had announced her retirement and that it was anticipated that when the Executive Director retired the Executive Director position would become vacant.

17.     Deny each and every allegation contained in Paragraph 17 of the Complaint, except admit that Plaintiff was interviewed by Steve Virgadamo.

18.     Deny each and every allegation contained in Paragraph 18 of the Complaint, except admit that Steve Virgadamo sent Plaintiff a letter and respectfully refer the Court to the letter for the contents thereof.

19.     Deny each and every allegation contained in Paragraph 19 of the Complaint, except admit that Mr. Coppotelli confirmed to Plaintiff that the Executive Director was expected to retire in or about January 2016 and that it was unclear whether the Clinical Director would have interest in the Executive Director position.

20.     Deny each and every allegation contained in Paragraph 20 of the Complaint, except admit that Mr. Coppotelli discussed the requirements and qualifications of the Executive Director position with Plaintiff.

21.     Deny each and every allegation contained in Paragraph 21 of the Complaint.

22.     Deny each and every allegation contained in Paragraph 22 of the Complaint, except admit that in September 2015 the Executive Director and Clinical Director interviewed Plaintiff for a position at ADAPP.

23.     Deny each and every allegation contained in Paragraph 23 of the Complaint.

24.     Admit the allegations contained in Paragraph 24 of the Complaint.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint.

26.     Deny each and every allegation contained in Paragraph 26 of the Complaint.

27.     Admit the allegation contained in Paragraph 27 of the Complaint.

28.     With respect to the allegations contained in Paragraph 28 of the Complaint, Defendants deny each and every allegation, except (i) admits that Plaintiff performed Operations Manager duties; and (ii) denies knowledge or information sufficient to form a belief as to the truth of Plaintiff's alleged coursework at the College of Staten Island.

29.     Deny each and every allegation contained in Paragraph 29 of the Complaint.

30.     Deny each and every allegation contained in Paragraph 30 of the Complaint.

31.     Deny each and every allegation contained in Paragraph 31 of the Complaint, except admit that Mr. Coppotelli referred to Plaintiff's long-term aspirations for ADAPP as her "shelf-life" during a conversation with the Executive Director and the Clinical Director.

32.     Deny each and every allegation contained in Paragraph 32 of the Complaint.

33.     Deny each and every allegation contained in Paragraph 33 of the Complaint.

34.     Deny each and every allegation contained in Paragraph 34 of the Complaint, except admit upon information and belief that Briana Pechin did not meet all of OASAS's minimum requirements for the Executive Director position.

35.     Deny each and every allegation contained in Paragraph 35 of the Complaint, except admit upon information and belief that Briana Pechin did not meet all of OASAS's minimum requirements for the Executive Director position.

4

36. Admit upon information and belief the allegation contained in Paragraph 36 of the Complaint.

37. Admit upon information and belief the allegation contained in Paragraph 37 of the Complaint.

38. Deny each and every allegation contained in Paragraph 38 of the Complaint, except admit upon information and belief that Briana Pechin did not meet all of OASAS's minimum requirements for the Executive Director position.

39. Admit upon information and belief the allegation contained in Paragraph 39 of the Complaint.

40. Admit upon information and belief the allegation contained in Paragraph 40 of the Complaint.

41. Deny each and every allegation contained in Paragraph 41 of the Complaint.

42. Deny each and every allegation contained in Paragraph 42 of the Complaint.

43. Admit upon information and belief the allegation contained in Paragraph 43 of the Complaint.

44. Admit upon information and belief the allegation contained in Paragraph 44 of the Complaint.

45. Deny each and every allegation contained in Paragraph 45 of the Complaint.

46. Admit upon information and belief the allegation contained in Paragraph 46 of the Complaint.

47. Admit upon information and belief the allegation contained in Paragraph 47 of the Complaint.

48. Deny each and every allegation contained in Paragraph 48 of the Complaint.

49. Admit the allegation contained in Paragraph 49 of the Complaint

50. Deny each and every allegation contained in Paragraph 50 of the Complaint.

51. Deny each and every allegation contained in Paragraph 51 of the Complaint.

52. Deny each and every allegation contained in Paragraph 52 of the Complaint, except admit that Mr. Coppotelli explained to Plaintiff that he had referred to Plaintiff's long-term aspirations for ADAPP as her "shelf-life" during a conversation with the Executive Director and the Clinical Director.

53. Deny each and every allegation contained in Paragraph 53 of the Complaint.

54. Deny each and every allegation contained in Paragraph 54 of the Complaint, except admit that on or about December 23, 2015, ADAPP created a Chief Operating Officer position.

55. Deny each and every allegation contained in Paragraph 55 of the Complaint, except admit that on or about December 23, 2015, ADAPP created a Chief Operating Officer position and that ADAPP offered Ms. Pechin the Chief Operating Officer position on January 12, 2016.

56. Deny each and every allegation contained in Paragraph 56 of the Complaint.

57. Deny each and every allegation contained in Paragraph 57 of the Complaint.

58. Deny each and every allegation contained in Paragraph 58 of the Complaint.

59. Deny each and every allegation contained in Paragraph 59 of the Complaint.

60. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint.

61. Deny each and every allegation contained in Paragraph 61 of the Complaint,

except admit that on March 24, 2016, Plaintiff filed a charge of age and disability discrimination and retaliation with the U.S. Equal Employment Opportunity Commission.

62. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Complaint.

## ANSWERING THE FIRST CLAIM FOR RELIEF

63. With respect to the allegations contained in Paragraph 63 of the Complaint, Defendants repeat and reallege their responses to Paragraphs 1 through 62 as if fully stated herein.

64. Paragraph 64 of the Complaint states legal conclusions to which no response is required. To the extent that a response is required, Defendants deny each and every allegation contained in Paragraph 64 of the Complaint.

65. Deny each and every allegation contained in Paragraph 65 of the Complaint.

## ANSWERING THE SECOND CLAIM FOR RELIEF

66. With respect to the allegations contained in Paragraph 66 of the Complaint, Defendants repeat and reallege their responses to Paragraphs 1 through 65 as if fully stated herein.

67. Paragraph 67 of the Complaint states legal conclusions to which no response is required. To the extent that a response is required, Defendants deny each and every allegation contained in Paragraph 67 of the Complaint.

68. Deny each and every allegation contained in Paragraph 68 of the Complaint.

## ANSWERING THE THIRD CLAIM FOR RELIEF

69. With respect to the allegations contained in Paragraph 69 of the Complaint, Defendants repeat and reallege their responses to Paragraphs 1 through 68 as if fully stated herein.

70. Paragraph 70 of the Complaint states legal conclusions to which no response is required. To the extent that a response is required, Defendants deny each and every allegation contained in Paragraph 70 of the Complaint.

71. Deny each and every allegation contained in Paragraph 71 of the Complaint.

## ANSWERING THE FOURTH CLAIM FOR RELIEF

72. With respect to the allegations contained in Paragraph 72 of the Complaint, Defendants repeat and reallege their responses to Paragraphs 1 through 71 as if fully stated herein.

73. Paragraph 73 of the Complaint states legal conclusions to which no response is required. To the extent that a response is required, Defendants deny each and every allegation contained in Paragraph 73 of the Complaint.

74. Deny each and every allegation contained in Paragraph 74 of the Complaint.

## ANSWERING THE FIFTH CLAIM FOR RELIEF

75. With respect to the allegations contained in Paragraph 75 of the Complaint, Defendants repeat and reallege their responses to Paragraphs 1 through 74 as if fully stated herein.

76. Paragraph 76 of the Complaint states legal conclusions to which no response is required. To the extent that a response is required, Defendants deny each and every allegation contained in Paragraph 76 of the Complaint.

77. Deny each and every allegation contained in Paragraph 77 of the Complaint.

78. Deny each and every allegation contained in Paragraph 78 of the Complaint.

## ANSWERING THE SIXTH CLAIM FOR RELIEF

79. With respect to the allegations contained in Paragraph 79 of the Complaint, Defendants repeat and reallege their responses to Paragraphs 1 through 78 as if fully stated herein.

80. Paragraph 80 of the Complaint states legal conclusions to which no response is required. To the extent that a response is required, Defendants deny each and every allegation contained in Paragraph 80 of the Complaint.

81. Deny each and every allegation contained in Paragraph 81 of the Complaint.

82. Deny each and every allegation contained in Paragraph 82 of the Complaint.

## ANSWERING THE SEVENTH CLAIM FOR RELIEF

83. With respect to the allegations contained in Paragraph 83 of the Complaint, Defendants repeat and reallege their responses to Paragraphs 1 through 82 as if fully stated herein.

84. Paragraph 84 of the Complaint states legal conclusions to which no response is required. To the extent that a response is required, Defendants deny each and every allegation contained in Paragraph 84 of the Complaint.

85. Deny each and every allegation contained in Paragraph 85 of the Complaint.

86. Deny each and every allegation contained in Paragraph 86 of the Complaint.

## ANSWERING THE EIGHTH CLAIM FOR RELIEF

87. With respect to the allegations contained in Paragraph 87 of the Complaint,

Defendants repeat and reallege their responses to Paragraphs 1 through 86 as if fully stated herein.

88. Paragraph 88 of the Complaint states legal conclusions to which no response is required. To the extent that a response is required, Defendants deny each and every allegation contained in Paragraph 88 of the Complaint.

89. Deny each and every allegation contained in Paragraph 89 of the Complaint.

90. Deny each and every allegation contained in Paragraph 90 of the Complaint.

### ANSWERING THE NINTH CLAIM FOR RELIEF

91. With respect to the allegations contained in Paragraph 91 of the Complaint, Defendants repeat and reallege their responses to Paragraphs 1 through 90 as if fully stated herein.

92. Deny each and every allegation contained in Paragraph 92 of the Complaint.

93. Deny each and every allegation contained in Paragraph 93 of the Complaint.

94. Deny each and every allegation contained in Paragraph 94 of the Complaint.

95. Deny each and every allegation contained in Paragraph 95 of the Complaint

96. Deny each and every allegation contained in Paragraph 96 of the Complaint.

97. Paragraph 97 of the Complaint states legal conclusions to which no response is required. To the extent that a response is required, Defendants deny each and every allegation contained in Paragraph 97 of the Complaint.

98. Deny that Plaintiff is entitled to any of the relief requested in the Prayer for Relief Paragraph of the Complaint.

Without assuming the burden of proof as to any of the following defenses where the law does not impose such burden on Defendants, Defendants asserts the following affirmative defenses:

### AS AND FOR A FIRST DEFENSE

99. The Complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND DEFENSE

100. The Complaint is barred, in whole or in part, to the extent it refers to, or relies upon, events occurring beyond the applicable statute(s) of limitations.

### AS AND FOR A THIRD DEFENSE

101. The Court should decline to exercise supplemental jurisdiction over Plaintiffs' state law claims.

### AS AND FOR A FOURTH DEFENSE

102. Any damages or loss sustained by Plaintiff were caused solely by the culpable conduct on the part of Plaintiff.

103. Plaintiff is therefore not entitled to recover.

### AS AND FOR A FIFTH DEFENSE

104. Plaintiffs' claims for relief are barred, in whole or in part, by the doctrines of laches, waiver and/or estoppel.

### AS AND FOR A SIXTH DEFENSE

105. Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

## AS AND FOR A SEVENTH DEFENSE

106. Plaintiff's claims are barred, either in whole or in part, to the extent that Plaintiff has failed to meet administrative prerequisites or conditions precedent regarding the commencement of this action.

## AS AND FOR AN EIGHTH DEFENSE

107. The Complaint is barred, in whole or in part, to the extent it relies upon, or refers to claims not asserted in the Charge of Discrimination.

## AS AND FOR A NINTH DEFENSE

108. Any and all actions taken by the Defendants were based on legitimate, non-discriminatory and non-retaliatory reasons.

## AS AND FOR A TENTH DEFENSE

109. At all relevant times herein, Plaintiff was an employee at will.

**WHEREFORE**, Defendants demand judgment dismissing the Complaint in its entirety, with prejudice, together with costs, fees (including attorneys' fees) and disbursements incurred in defending this action and such other and further relief as the Court deems appropriate.

Dated: New York, New York
December 8, 2016

**PUTNEY, TWOMBLY, HALL & HIRSON LLP**
*Attorneys for Defendants*

By: /s/ RMT
Robert M. Tucker
521 Fifth Avenue
New York, New York 10175
(212) 682-0020

## CERTIFICATE OF SERVICE

The undersigned, a member of the Bar of the State of New York and of this Court, hereby certifies that he caused a true and accurate copy of the foregoing ANSWER to be served via ECF on December 8, 2016 upon:

>John Howley, Esq.
>The Howley Law Firm P.C.
>350 Fifth Avenue, 59th Floor
>New York, New York 10118
>Telephone: (212) 601-2728

*Attorneys for Plaintiff*

        /s/ RMT
   Robert M. Tucker